UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 19-cr-10081-IT |
| | ) | |
| v. | ) | |
| | ) | |
| IGOR DVORSKIY, | ) | |
| | ) | |
| Defendant. | ) | |

**ASSENTED-TO MOTION FOR LEAVE TO FILE UNDER SEAL PORTIONS
OF THE SENTENCING MEMORANDUM AND CERTAIN LETTERS IN SUPPORT**

Pursuant to Local Rule 7.2 for the U.S. District Court for the District of Massachusetts, Igor Dvorskiy respectfully moves for permission to file under seal or redact portions of his Sentencing Memorandum and certain letters in support of Mr. Dvorskiy. Counsel for the government has informed undersigned counsel that it assents to this motion.

The material requested to be filed under seal or redacted contains information of a highly sensitive nature including sensitive personal information concerning Mr. Dvorskiy and his family and the contact and other personal information of individuals who have submitted letters in support of Mr. Dvorskiy. Mr. Dvorskiy requests that this information remain sealed or redacted until further order of the Court.

Local Rule 7.2 permits a party to file a motion to seal or impound certain materials. If the moving party files a statement supported by good cause, the Court may seal the material until further order. *See* Local Rule 7.2(a). In evaluating whether to seal judicial records, courts weigh the public's presumptive right of access to judicial records with any "[i]mportant countervailing interests" that can "overwhelm the usual presumption and defeat access." *See United States. v. Kravetz*, 706 F.3d 47, 59 (1st Cir. 2013) (quoting *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998)).

The privacy rights of defendants and third parties constitute significant countervailing interests that can overcome the presumption of access. *Id*. at 62 (*citing FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 411 (1st Cir. 1987)); *In re Boston Herald, Inc.*, 321 F.3d 174, 190 (1st Cir. 2003). Courts analyzing whether privacy interests overcome the presumption of access "consider the degree to which the subject matter is traditionally considered private rather than public." *Id*. If the information at issue implicates traditionally private subjects, such as "family affairs, illnesses, embarrassing conduct with no public ramifications," and similar conduct, privacy interests will "weigh more heavily against access." *Id*. (quoting *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)). The proposed information to be sealed here represents specific instances where privacy interests outweigh the presumption of public access.

Similarly, third-party privacy interests are "a venerable common law exception to the presumption of access" that "weigh heavily in a court's balancing equation." *Kravetz,* 706 F.3d at 62 (quoting *Amodeo*, 71 F.3d at 1050–51). Out of the many letters Mr. Dvorskiy is submitting that are being publicly filed, certain of Mr. Dvorskiy's friends and family members submitted letters of support to the Court containing sensitive information about themselves, their family members, Mr. Dvorskiy's family members, and other private subjects including personal contact information. Because these letters involve information "traditionally considered private," the privacy rights of these third parties strongly favor sealing. *Id*.; *cf*. FED. R. CRIM. P. 49.1(a) (reflecting concern for privacy by requiring redaction of certain information such as minors' names in criminal filings). Disclosure of this information would gravely harm the privacy interests of third parties by making public deeply personal information regarding their health, families, and other similarly private information.

/ / /

## CONCLUSION

The documents that Mr. Dvorskiy moves to seal or redact include highly sensitive information that, if disclosed, would cause severe injury to the privacy interests of Mr. Dvorskiy and third parties. WHEREFORE, Mr. Dvorskiy respectfully requests that the Court grant his motion to file under seal or redact portions of his Sentencing Memorandum and certain letters in support of Mr. Dvorskiy.

Dated: August 1, 2022

Respectfully submitted,

IGOR DVORSKIY,
By his attorney,

*/s/ Melissa A. Weinberger*
Melissa A. Weinberger
Touchton & Weinberger LLP
800 Wilshire Blvd., Suite 1050
Los Angeles, CA 90017
Phone: (213) 867-6350
Fax: (213) 673-1386
Email: melissa@twcounsel.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

I hereby certify that I conferred with counsel for the government regarding this motion and that the government has assented.

*/s/ Melissa A. Weinberger*
Melissa A. Weinberger

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on August 1, 2022, and delivered by electronic means to counsel for the government.

*/s/ Melissa A. Weinberger*
Melissa A. Weinberger